UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:22CR271 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge John R. Adams |
| | ) | |
| WILLIAM B. RELFORD, III, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

On January 31, 2023, the Court conducted Defendant William Relford's sentencing hearing. During that hearing, the Court concluded that Relford's base offense level was 24 based upon a finding that he had two prior convictions that involved crimes of violence. The Court also informed the parties that it would supplement its ruling in writing. The Court does so herein.

U.S.S.G. 2K2.1(a)(2) provides for a base offense level of 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence of a controlled substance offense." The parties agree that Relford's 2012 conviction for aggravated robbery serves as one predicate offense for the application of 2K2.1(a)(2). However, the parties disagree sharply on whether Relford's 2007 conviction for robbery under Ohio Revised Code § 2911.02(A)(2) serves as the second necessary predicate offense. The Court now reviews those arguments.

The Guidelines provide that a predicate offense can satisfy the definition of a crime of violence in two distinct ways – through the force/elements or under the enumerated offenses clause. *See* U.S.S.G. § 4B1.2(a)(1)-(2). The Sixth Circuit, however, has foreclosed any

argument that a robbery conviction under 2911.02(A)(2) can satisfy the force/elements clause. *United States v. Butts*, 40 F.4th 766, 773 (6th Cir. 2022) ("We therefore conclude that an Ohio Revised Code § 2911.02(A)(2) robbery conviction—at least one predicated on an unspecified § 2913.02 theft offense—is not a crime of violence under the elements clause of § 4B1.2(a) of the Guidelines."). As a result, this Court must analyze whether such a conviction satisfies the enumerated offenses clause, an issue that the *Butts* Court expressly declined to consider. *Id.* at 767, n.1.

Relford may therefore be subject to the higher base offense level if his prior conviction under Ohio Rev. Code Ann. § 2911.02(A)(2) falls within the generic definition of robbery, "which is found by surveying how the crime is described across jurisdictions, as well as consulting sources such as the Model Penal Code." *See United States v. Rede-Mendez*, 680 F.3d 552, 556 (6th Cir. 2012). If the Ohio statute criminalizes conduct "broader than the generic definition" by "reach[ing] conduct outside the scope of that covered by the generic definition," however, then that statute cannot constitute a crime of violence under § 4B1.2. *See United States v. Cooper*, 739 F.3d 873, 880 (6th Cir. 2014).

The Sixth Circuit has not yet adopted a definition for generic robbery. Other circuits, however, have observed that "the generic form of robbery 'may be thought of as aggravated larceny,' containing at least the elements of 'misappropriation of property under circumstances involving immediate danger to the person.'" *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 380 (5th Cir. 2006) (brackets omitted) (quoting Wayne R. LaFave, Substantive Criminal Law § 20.3 intro., (d)(2) (2d ed. 2003)), abrogated on other grounds by *United States v. Rodriguez*, 711 F.3d 541 (5th Cir. 2013). And the Fifth Circuit has noted that this "immediate danger element" is what differentiates robbery from larceny and extortion and "has been implemented by the states in

two main ways." *Id*. Compare *id*. ("The majority of states require property to be taken from a person or a person's presence by means of force or putting in fear."), *with United States v. Lockley*, 632 F.3d 1238, 1243 (11th Cir. 2011) ("A small minority of states and the Model Penal Code, however, 'define 'robbery' in terms of 'bodily injury' or 'committing violence' or 'physical harm,' or some amalgam of those terms and the majority definition."). Similarly, the Eighth Circuit defines generic robbery as "aggravated larceny, or the misappropriation of property under circumstances involving immediate danger to a person." *United States v. Martin*, 15 F.4th 878, 884 (8th Cir. 2021)(quotation omitted).

Ohio Revised Code § 2911.02(A)(2) defines robbery consistent with a small minority of states and the Model Penal Code by virtue of defining it in terms of physical harm. *See id.* ("No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall… Inflict, attempt to inflict, or threaten to inflict physical harm on another[.]"). In that manner, Ohio Revised Code § 2911.02(A)(2) meets the generic definition of robbery as it requires the misappropriation of property ("a theft offense") under circumstances involving immediate danger to a person ("inflict, attempt to inflict, or threaten to inflict physical harm"). Accordingly, Relford's 2007 conviction is also properly found to be a crime of violence and his proper base offense level is 24.

IT IS SO ORDERED.

| | |
|---|---|
|   February 28, 2023 |   /s/ John R. Adams |
| Date | Judge John R. Adams |
| | United States District Court |